SCOTT J. TEPPER (State Bar No. 51693)
RASKIN TEPPER SLOAN LAW
11333 Iowa Avenue
Los Angeles, California 90025-4214
Telephone: (310) 202-5544
Email: stepper@raskinlawllp.com

Attorneys for Defendants Hudson Valley
Wealth Management and Christopher Conover

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROXY FINANCIAL CORP., a Delaware corporation,<br><br>                   Plaintiff,<br><br>v.<br><br>HUDSON VALLEY WEALTH MANAGEMENT, a New York corporation; CHRISTOPHER CONOVER, an individual; and DOES 1 through 10, inclusive,<br><br>                   Defendants. | Case No.:<br><br>*[Sacramento County Superior Court Case No. 26CV004825]*<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF PROXY FINANCIAL CORP. AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE, hereby given, that Defendants Hudson Valley Wealth Management (hereafter "Hudson Valley") and Christopher Conover (hereafter "Conover" and together with Hudson Valley, "Defendants") do hereby remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

In support of this Notice of Removal, Defendants state as follows:

**I.**

**THE STATE COURT ACTION**

1. On or about March 2, 2026, Plaintiff Proxy Financial Corp. , a Delaware

Corporation, filed a civil action in the Superior Court of the State of California, County of Sacramento, entitled: "*Proxy Financial Corp., a Delaware corporation, Plaintiff, v. Hudson Valley Wealth Management, A New York Corporation; Christopher Conover, an individual, and DOES 1 through 10, inclusive, Defendants.*"  Case No. 26CV004825 (the "State Court Action").

2.  The State Court Action asserts claims for breach of contract, fraud, conversion, and other contract-related tort claims.

3.  Defendants Hudson Valley and Conover were served with the Summons and Complaint in the State Court Action on March 13, 2026.

4.  This Notice of Removal is timely filed within thirty (30) days of service of the initial pleading setting forth the claims for relief upon which this action is based. *See* 28 U.S.C. § 1446(b)(1).

5.  True and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action and in the files of the Superior Court are attached hereto as Exhibit "A" and incorporated herein by reference, comprising the entire Superior Court file as of the date of this Notice. *See* 28 U.S.C. § 1446(a).

**II.**

**GROUNDS FOR REMOVAL — DIVERSITY OF CITIZENSHIP**

6.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

*A.  Complete Diversity of Citizenship Exists*

7.  *Plaintiff's Citizenship.*  Plaintiff Proxy Financial Corp., a Delaware Corporation, is a corporation incorporated under the laws of the State of Delaware. Defendants are informed and believe, and on that basis allege, that Plaintiff's principal place of business is in the State of Florida. Defendants' information and belief is based upon Plaintiff's Foreign Profit Corporation Annual Reports filed with the Florida Secretary of State on March 6, 2025 and February 10, 2026 both of which identify Plaintiff's principal place of

business as St. Petersburg, Florida. Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of Delaware and Florida. *See* 28 U.S.C. § 1332(c)(1).

8. *Defendant Hudson Valley's Citizenship.* Defendant Hudson Valley is a corporation incorporated under the laws of the State of New York with its principal place of business in the State of New York. Accordingly, Hudson Valley is a citizen of New York for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

9. *Defendant Conover's Citizenship.* Defendant Conover is an individual who is domiciled in, and a citizen of, the State of New York.

10. *Complete Diversity.* Because Plaintiff is a citizen of Delaware and Florida, and Defendants are citizens of New York, complete diversity of citizenship exists among all properly joined parties as required by 28 U.S.C. § 1332(a)(1).

11. *Doe Defendants.* The citizenship of defendants sued under fictitious names (Does 1 through 10) is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

### B. The Amount in Controversy Exceeds $75,000

12. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). Plaintiff's complaint expressly seeks damages of at least $664,000 in connection with its claims for breach of contract, fraud, conversion, and related claims. (See, e.g., Complaint at page 5, paragraph 20 and the prayer of the Complaint at pages 15-16 at prayers 1, 5, 10, 16, 20, 24 and 27b.)

13. Accordingly, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.

### VENUE

14. Venue for purposes of removal is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the State Court Action is pending in Sacramento County Superior Court, which is located within the Eastern District of California. *See* 28 U.S.C. § 84(b).

NOTICE OF REMOVAL — Proxy Financial, etc. v. Hudson Valley, etc. et al          Page 3

15.  Defendants expressly reserve, and do not waive by this removal, their right to challenge venue on substantive grounds following removal. Specifically, Defendants reserve the right to move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) on the ground that California is not a proper venue in which to maintain this action. The filing of this Notice of Removal is procedurally required to be made in the federal district court embracing the state court where the action was filed and does not constitute, and shall not be construed as, a concession by Defendants that venue in California — whether in state or federal court — is proper on the merits.

**IV.**

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

16.  *Consent of All Defendants.*  Both named Defendants join in and consent to this removal. *See* 28 U.S.C. § 1446(b)(2)(A).

17.  *Timeliness.* This Notice of Removal is filed within thirty (30) days of service of the initial pleading upon Defendants, and within one (1) year of the commencement of the State Court Action. *See* 28 U.S.C. § 1446(b), (c).

18.  *Notice to State Court and Plaintiff.* Promptly after filing this Notice of Removal, Defendants will file a copy of this Notice with the Clerk of the Sacramento County Superior Court and will serve written notice of removal upon Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

**V.**

**RESERVATION OF RIGHTS**

19.  Defendants reserve all defenses and objections to the complaint, including but not limited to defenses relating to personal jurisdiction, improper venue, sufficiency of service of process, and failure to state a claim upon which relief can be granted. By filing this Notice of Removal, Defendants do not waive any such defenses or objections and specifically preserve their right to move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.

/ / /

## VI.

## <u>CONCLUSION</u>

WHEREFORE, Defendants Hudson Valley and Conover respectfully give notice that the above-captioned action, formerly pending in the Superior Court of the State of California, County of Sacramento, Case No. 26CV004825, is hereby removed to the United States District Court for the Eastern District of California.

Dated: April 10, 2026

Respectfully submitted,

RASKIN TEPPER SLOAN LAW


/s/ *Scott J. Tepper*

By: _____
SCOTT J. TEPPER
Attorneys for Defendants Hudson Valley Wealth
Management and Christopher Conover

## PROOF OF SERVICE

Scott J. Tepper, attorney for Defendants in the above-captioned action declares as follows:

My business address is 11333 Iowa Avenue, Los Angeles, California 90025-4214, and my email address is stepper@raskinlawllp.com . I am over the age of 18 and am not a party to this action.

On April 10, 2026, I served the foregoing NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 and including its Exhibit A on the interested parties in this action by the following means:

**BY U.S. MAIL:**  By placing in an envelope on the date set forth above a true and correct copy of the above-referenced document and depositing the envelope in the United States mail, first-class postage prepaid and affixed, and addressed as follows:

> Vincent Van Ho, Esq.
> 901 H Street, Suite 120
> Sacramento, California 95814

**BY ELECTRONIC MAIL:**  By transmitting on the date set forth above a true and correct copy of the above-referenced document in PDF format via electronic mail to the following email address: vincent@vholaw.com .

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 10, 2026, at Los Angeles, California.


/s/ *Scott J. Tepper*

SCOTT J. TEPPER