# EXHIBIT  A

ELECTRONICALLY FILED
Superior Court of California
County of Sacramento

03/02/2026

By: _____ Deputy
    T. Mercadel

LAW OFFICE OF VINCENT VAN HO, P.C.
Vincent Van Ho, SBN 277638
901 H Street, Suite 120
Sacramento, CA 95814
Tel:    (916) 504-2672
Email: Vincent@vholaw.com

*Attorney for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| PROXY FINANCIAL CORP. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HUDSON VALLEY WEALTH MANAGEMENT, a New York corporation; CHRISTOPHER CONOVER, an individual, and DOES 1 through 10, inclusive<br><br>Defendants. | Unlimited Jurisdiction<br><br>Case No.:  26CV004825<br><br>COMPLAINT FOR:<br>  1. Breach of Contract<br>  2. Breach of Implied Covenant of Good Faith and Fair Dealing<br>  3. Fraud/Misrepresentation<br>  4. Conversion<br>  5. Unjust Enrichment/Restitution<br>  6. Common Count – Money Had and Received<br>  7. Declaratory Relief<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff Proxy Financial Corp. ("Proxy" or "Plaintiff") and sues Defendants Hudson Valley Wealth Management ("HVWM"), Christopher Conover ("Conover"), and DOES 1 through 10, inclusive (collectively "Defendants"), and in support thereof states as follows:

**NATURE OF ACTION**

1.      This is a civil action for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud/misrepresentation, conversion, unjust enrichment, money had and received, and declaratory relief arising from Defendants' failure to transfer purchased business assets and refusal to refund money paid under a business purchase agreement.

- 1 -
COMPLAINT

**THE PARTIES**

2.     Plaintiff Proxy Financial Corp. is and was at all times relevant to this Complaint a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in California. Plaintiff is engaged in the business of financial advisory and wealth management services.

3.     Upon information and belief, Defendant Hudson Valley Wealth Management is and was at all times relevant to this Complaint a corporation organized under the laws of the State of New York with its principal place of business in New York. HVWM is engaged in the business of financial advisory and wealth management services.

4.     Upon information and belief, Defendant Christopher Conover is and was at all times relevant to this Complaint an individual residing in the State of New York. Conover is the President and Chief Executive Officer of HVWM and acts as HVWM's authorized agent and representative. Conover has authority to bind HVWM and personally participated in negotiating, executing, and performing (or failing to perform) the Agreement described herein.

5.     Defendants HVWM and Conover are sometimes collectively referred to herein as "Seller."

6.     The true names and capacities, whether individual, corporate, partnership, associate, or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by fictitious names. Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities as soon as they are ascertained. Plaintiff further alleges, on information and belief, that each of these fictitiously named Defendants is responsible in some manner for the acts alleged herein.

**PROXY FINANCIAL v. HUDSON VALLEY**  EXHIBIT "A"                    **3**

7.    At all times relevant hereto, each Defendant was the agent, servant, employee, partner, joint venturer, alter ego, and/or co-conspirator of each of the remaining Defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency, employment, partnership, joint venture, and/or conspiracy.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over this action pursuant to the California Constitution and California Code of Civil Procedure. The amount in controversy exceeds the jurisdictional minimum for unlimited civil cases.

9.    Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395. The parties' agreement was governed by California law and designated Sacramento County for resolution of disputes arising under the agreement.

10.    Upon information and belief, Defendants conducted business with California residents and entities, purposefully availed themselves of the benefits of doing business in California, and agreed to California law and Sacramento County as the forum for dispute resolution.

11.    The breach of contract occurred, in substantial part, in California, where Defendants failed to transfer assets as promised and failed to refund payments to Plaintiff as contractually required.

## FACTUAL ALLEGATIONS

12.    On or about June 30, 2025, the parties entered into a written asset purchase and sale agreement (the "Agreement") whereby Defendants agreed to sell, assign, and transfer to Plaintiff certain business assets, including client relationships, accounts, and associated business interests (the "Assets"). The Assets consisted primarily of investment advisory client accounts representing

- 3 -
COMPLAINT

**PROXY FINANCIAL v. HUDSON VALLEY** **EXHIBIT "A"**                    **4**

approximately $56 million to $80 million in assets under management, together with the associated recurring revenue stream from advisory fees on those accounts.

13.    During negotiations between approximately May 1, 2025 and June 27, 2025, Defendant Conover, acting as President and CEO of HVWM and as HWM's authorized representative, made representations to Plaintiff's representatives in email communications, telephone conversations, video conferences, and in the written Agreement itself regarding the nature, transferability, and value of the Assets and further represented to Plaintiff that: (a) HVWM and Conover had full legal authority and present ability to transfer the client accounts and relationships comprising the Assets; (b) the clients identified in the schedule of Assets were current, active clients who had existing advisory relationships with HVWM; (c) the Assets were accurately identified, verifiable, and ready for transfer; and (d) HVWM and Conover would fully cooperate to effectuate transfer of ownership and control of the Assets to Plaintiff

14.    Under the Agreement executed on June 27, 2025, Defendants expressly represented and warranted that they had full authority to transfer the Assets, that the Assets were accurately identified and verifiable, and that Defendants would cooperate fully to effectuate the transfer of ownership to Plaintiff.

15.    The Agreement was governed by California law.

16.    The Agreement established a purchase price structure that included an initial payment, with subsequent payments or adjustments based on the actual value of business transferred and revenue generated from the Assets.

**PROXY FINANCIAL v. HUDSON VALLEY   EXHIBIT "A"**                                      **5**

17.     The Agreement included a performance-based reconciliation mechanism requiring that if the actual transferred business value fell below the initial payment amount, Defendants would refund the difference to Plaintiff within a specified time period.

18.     This refund provision was expressly designated as a material term of the Agreement, with any nonpayment or failure to reconcile constituting a breach.

19.     Plaintiff performed all obligations required under the Agreement, including timely payment of the initial purchase price in the amount of Six Hundred Sixty-Four Thousand Dollars ($664,000.00) to Defendants on or about June 30, 2025. Plaintiff has performed all conditions precedent to enforcement of the Agreement, or such performance has been waived or excused.

20.     Plaintiff tendered this payment in good faith reliance on Defendants' representations and warranties described in paragraphs 12, 13, and 14 above. The representations described in paragraphs 12, 13, and 14 were material to Plaintiff's decision to enter into the Agreement and to pay the $664,000.00 initial payment. Plaintiff would not have entered into the Agreement or paid any portion of the purchase price without those representations.

21.     Despite receiving Plaintiff's $664,000.00 payment, Defendants failed and refused to transfer the Assets to Plaintiff as required by the Agreement.

22.     Defendants failed to execute and deliver documents necessary to effectuate transfer of client accounts and relationships, cooperate with Plaintiff to obtain required consents and authorizations for asset transfers, provide complete books and records relating to the Assets, and take actions necessary to perfect Plaintiff's ownership of the Assets.

23.     Upon information and belief, Defendants actively frustrated the transfer of Assets by failing to communicate with clients about the transition, discouraging or preventing clients from

- 5 -
COMPLAINT

**PROXY FINANCIAL v. HUDSON VALLEY   EXHIBIT "A"**                    **6**

consenting to transfer to Plaintiff, continuing to service and collect fees from the client accounts that were supposed to be transferred, and otherwise acting to retain control over the Assets for Defendants' own benefit.

24.    As a result of Defendants' failures, virtually no business assets or client relationships were successfully transferred from Defendants to Plaintiff.

25.    Plaintiff calculated that the actual value of business transferred was $0, and substantially less than the initial payment of $664,000.00 made to Defendants.

26.    On or about October 31, 2025, Plaintiff demanded in writing that Defendants refund the difference between the initial payment and the actual business value transferred, as required by the Agreement.

27.    Despite Plaintiff's timely demand and the express contractual obligation to refund, Defendants have failed and refused to return any portion of the $664,000.00 to Plaintiff.

28.    Plaintiff is informed and believes, and on that basis alleges, that at the time Defendants entered into the Agreement and accepted Plaintiff's $664,000.00 payment, Defendants had no intention of transferring the Assets as represented. Specifically, Plaintiff is informed and believes that at the time Defendants made the representations described in paragraphs 12, 13, and 14, Defendants knew or should have known that the client accounts could not or would not be transferred, either because the clients would not consent to transfer, because Defendants lacked authority to effectuate the transfers, or because Defendants intended to retain the accounts for their own benefit.

29.    Defendants made material misrepresentations to induce Plaintiff to enter into the Agreement and pay $664,000.00, including that Defendants had full authority and ability to transfer

- 6 -
COMPLAINT

the Assets, that the Assets were accurately described and verifiable, that Defendants would cooperate fully to transfer ownership, and that Defendants would honor the refund obligation.

30.    At the time Defendants made the representations described in paragraphs 12, 13, and 14, those representations were false. Defendants knew the representations were false, or made them without any reasonable basis to believe they were true, or made them recklessly and without regard to their truth or falsity.

31.    Defendants made these misrepresentations with intent to defraud Plaintiff and induce payment of $664,000.00.

32.    Plaintiff reasonably relied on Defendants' representations in entering the Agreement and making payment. Plaintiff's reliance was reasonable because Defendants held themselves out as experienced financial advisors with an established book of business, provided detailed written schedules of client accounts, executed a formal written agreement containing express representations and warranties, and gave Plaintiff no reason to doubt their authority or intent to perform.

33.    As a direct and proximate result of Defendants' breaches and fraudulent conduct, Plaintiff has suffered damages including loss of $664,000.00 wrongfully retained by Defendants without providing consideration, loss of expected economic benefits from the transferred business, loss of goodwill and business opportunities, and costs incurred attempting to enforce the Agreement.

34.    Plaintiff has been damaged in an amount not less than $664,000.00, plus interest, according to proof at trial.

35.    The Agreement provides that the prevailing party in any legal proceeding shall recover reasonable attorneys' fees and costs.

**FIRST CAUSE OF ACTION**
(Breach of Contract – Against All Defendants)

36.    Plaintiff incorporates and re-alleges every allegation set forth in the preceding paragraphs.

37.    A valid and binding contract existed between Plaintiff and Defendants, evidenced by the written Agreement.

38.    Plaintiff performed all obligations required under the Agreement, including payment of $664,000.00. Plaintiff has performed all conditions precedent to recovery under the Agreement, or such conditions have been waived or excused.

39.    Defendants breached the Agreement by failing to transfer the Assets as required, failing to cooperate in effectuating the transfer, and failing to refund payment when the reconciliation calculation showed actual value transferred was substantially less than the initial payment.

40.    Defendants' breaches were material and substantial, going to the essence of the Agreement.

41.    As a direct and proximate result of Defendants' material breaches, Plaintiff has suffered damages in an amount not less than $664,000.00, plus interest, according to proof at trial.

42.    Pursuant to the Agreement, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in prosecuting this action.

- 8 -
COMPLAINT

## SECOND CAUSE OF ACTION
(Breach of Implied Covenant of Good Faith and Fair Dealing – Against All Defendants)

43.    Plaintiff incorporates and re-alleges every allegation set forth in the preceding paragraphs.

44.    There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement.

45.    Defendants breached the implied covenant by failing to take reasonable steps to transfer Assets, withholding cooperation necessary for Plaintiff to realize the benefits of the Agreement, refusing to engage meaningfully when Assets were not being transferred, refusing to honor the refund obligation, and acting in bad faith to frustrate the Agreement's purpose. Defendants further breached the implied covenant by actively interfering with the transfer process, discouraging clients from consenting to transfer, continuing to service and collect fees from accounts that were to be transferred to Plaintiff, and otherwise exercising discretion and control in a manner designed to deprive Plaintiff of the benefits of the bargain.

46.    Defendants' conduct was undertaken in bad faith with intent to retain Plaintiff's $664,000.00 payment without providing consideration.

47.    As a direct and proximate result of Defendants' breach of the implied covenant, Plaintiff has suffered damages in an amount not less than $664,000.00, plus interest, according to proof at trial.

48.    The actions of Defendants, as complained herein, were undertaken knowingly and maliciously, with intent to harm Plaintiff's rights to the benefits of the contract. Plaintiff is entitled to exemplary and punitive damages.

49. Pursuant to the Agreement, Plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in prosecuting this action.

**THIRD CAUSE OF ACTION**
(Fraud/Misrepresentation – Against All Defendants)

50. Plaintiff incorporates and re-alleges every allegation set forth in the preceding paragraphs.

51. At the time material to this Complaint and entering of the Agreement, Defendants knowingly misrepresented their intention to transfer the Assets, their authority and ability to do so, and their commitment to honor the refund obligation.

52. Specifically, Defendants falsely represented that they had full authority and ability to transfer the Assets, that the Assets were accurately described and verifiable, that they would cooperate fully to effectuate the transfer, that the Assets were transferable and complete, and that they would comply with the refund obligation if performance did not support the initial payment.

53. At the time these representations were made, Defendants knew they were false or made them recklessly without regard for the truth.

54. Defendants used their position as the sellers with superior knowledge of the Assets to induce Plaintiff into believing these misrepresentations.

55. Plaintiff justifiably relied upon Defendants' representations because Defendants held themselves out as experienced professionals, presented a detailed written agreement, and Plaintiff had no reason to doubt their commitments.

56. Plaintiff would not have entered the Agreement or paid $664,000.00 but for Defendants' misrepresentations.

**PROXY FINANCIAL v. HUDSON VALLEY  EXHIBIT "A"**                    **11**

57.　　As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff was induced to pay $664,000.00 and has suffered economic damages including loss of that payment, lost business opportunities, and consequential losses in an amount not less than $664,000.00.

58.　　The actions of Defendants, as complained herein, were undertaken knowingly, intelligently, and maliciously, with intent to defraud Plaintiff. Plaintiff is entitled to exemplary and punitive damages.

59.　　The actions of Defendants, as complained herein, justify rescission of the Agreement.

60.　　Plaintiff had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

**FOURTH CAUSE OF ACTION**
(Unjust Enrichment/Restitution – Against All Defendants)

61.　　Plaintiff incorporates and re-alleges every allegation set forth in the preceding paragraphs.

62.　　This cause of action is pleaded in the alternative to Plaintiff's contract claims.

63.　　Plaintiff conferred a substantial monetary benefit upon Defendants by paying $664,000.00.

64.　　Defendants accepted and retained this benefit while failing to provide the corresponding Assets, business value, or consideration that formed the basis for the payment.

65.　　Under the circumstances, it would be unjust and inequitable for Defendants to retain the $664,000.00 without providing any consideration in return.

66.    Defendants have been unjustly enriched at Plaintiff's expense in the amount of $664,000.00.

67.    Equity and good conscience require that Defendants make restitution to Plaintiff in the amount of $664,000.00, plus interest.

68.    Plaintiff had to retain the services of an attorney to prosecute this action and is entitled to reasonable attorneys' fees and costs of suit incurred herein.

### FIFTH CAUSE OF ACTION
(Conversion- Against All Defendants)

69.    Plaintiff incorporates and re-alleges every allegation set forth in the preceding paragraphs.

70.    Plaintiff delivered to Defendants a specific, identifiable sum of money in the amount of $664,000.00 on or about June 30, 2025.

71.    This money was delivered for a specific purpose: as an initial payment under the Agreement, expressly subject to a performance-based reconciliation and refund mechanism requiring Defendants to return the funds if the actual business value transferred fell substantially below the initial payment.

72.    Defendants received and took possession of the $664,000.00.

73.    Defendants' right to retain the $664,000.00 was expressly conditioned upon transferring the Assets and providing corresponding business value to Plaintiff, or, if the value transferred was less than the initial payment, refunding the difference to Plaintiff.

74.    Defendants failed to transfer the Assets or provide any substantial business value to Plaintiff, as alleged above.

- 12 -
COMPLAINT

**PROXY FINANCIAL v. HUDSON VALLEY  EXHIBIT "A"**                              **13**

75.    Plaintiff demanded return of the $664,000.00 on or about November 15, 2025, as alleged in paragraph 29 above.

76.    Despite Plaintiff's demand and the express obligation to return funds under the circumstances, Defendants have wrongfully retained possession of the $664,000.00 and refused to return it to Plaintiff.

77.    Defendants have substantially interfered with Plaintiff's ownership interest in the $664,000.00 by asserting a right to retain funds that were paid under an express condition that has failed.

78.    Defendants' retention of the $664,000.00 under these circumstances constitutes conversion of Plaintiff's property.

79.    As a direct and proximate result of Defendants' conversion, Plaintiff has suffered damages in the amount of $664,000.00, plus interest, according to proof at trial.

80.    Defendants' conduct in wrongfully retaining Plaintiff's money was willful, malicious, and oppressive, and was undertaken with conscious disregard of Plaintiff's rights. Plaintiff is entitled to exemplary and punitive damages

**SIXTH CAUSE OF ACTION**
(Common Count – Money Had and Received – Against All Defendants)

81.    Within the period prescribed by the applicable statute of limitations, Defendants became indebted to Plaintiff for money had and received by Defendants for the use and benefit of Plaintiff in the sum of $664,000.00.

**PROXY FINANCIAL v. HUDSON VALLEY  EXHIBIT "A"**                          **14**

82. Defendants received the $664,000.00 payment under circumstances where it was understood that payment was contingent upon actual business value transferred, with refund required if performance fell short.

83. Because Defendants failed to transfer the Assets and failed to deliver expected business value, it would be unjust for Defendants to retain the $664,000.00 without refunding it to Plaintiff.

84. Despite Plaintiff's demand, Defendants have failed and refused to pay said sum or any part thereof to Plaintiff.

85. As a result, Defendants are indebted to Plaintiff in the sum of at least $664,000.00, plus interest at the legal rate.

**SEVENTH CAUSE OF ACTION**
(Declaratory Relief – Against All Defendants)

86. Plaintiff incorporates and re-alleges every allegation set forth in the preceding paragraphs.

87. An actual, present, and justiciable controversy has arisen between Plaintiff and Defendants concerning their respective rights and obligations under the Agreement, including whether Defendants materially breached the Agreement, whether Defendants are obligated to refund the $664,000.00 payment, whether Plaintiff is entitled to rescission and restitution, and the parties' respective rights and obligations going forward.

88. Plaintiff contends that under the Agreement and applicable law, the performance calculation yields a value substantially less than $664,000.00, Defendants are contractually obligated to refund the difference, and alternatively, the Agreement has failed of its essential purpose and should be rescinded with restitution.

89. Defendants dispute these contentions and assert they may retain the payment without refund or rescission.

90. A judicial declaration is necessary and appropriate to resolve this controversy and guide the parties' future conduct.

91. Plaintiff desires a judicial declaration of the parties' respective rights and obligations under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

On the First Cause of Action (Breach of Contract):

1. For compensatory damages in the amount of $664,000.00, according to proof at trial;

2. For pre-judgment interest at the legal rate;

3. For post-judgment interest at the legal rate;

4. For reasonable attorneys' fees and costs pursuant to the Agreement;

On the Second Cause of Action (Breach of Implied Covenant):

5. For compensatory damages in an amount not less than $664,000.00, according to proof at trial;

6. For exemplary and punitive damages according to proof at trial;

7. For pre-judgment interest at the legal rate;

8. For post-judgment interest at the legal rate;

9. For reasonable attorneys' fees and costs pursuant to the Agreement;

On the Third Cause of Action (Fraud/Misrepresentation):

10. For compensatory damages in the amount of $664,000.00, according to proof at trial;

11. For exemplary and punitive damages according to proof at trial;

12. For rescission of the Agreement;

13. For pre-judgment interest at the legal rate;

14. For post-judgment interest at the legal rate;

- 15 -
COMPLAINT

15.     For reasonable attorneys' fees and costs;

On the Fourth Cause of Action (Unjust Enrichment/Restitution):

16.     For restitution in the amount of $664,000.00;

17.     For pre-judgment interest at the legal rate;

18.     For post-judgment interest at the legal rate;

19.     For reasonable attorneys' fees and costs;

On the Fifth Cause of Action (Conversion):

20.     For compensatory damages in the amount of $664,000.00, according to proof at trial;

21.     For exemplary and punitive damages according to proof at trial;

22.     For pre-judgment interest at the legal rate;

23.     For post-judgment interest at the legal rate;

On the Sixth Cause of Action (Money Had and Received):

24.     For recovery of $664,000.00;

25.     For pre-judgment interest at the legal rate;

26.     For post-judgment interest at the legal rate;

On the Seventh Cause of Action (Declaratory Relief):

27.     For a judicial declaration that:

    a.     Defendants materially breached the Agreement;

    b.     Defendants are obligated to refund $664,000.00 to Plaintiff;

    c.     Plaintiff is entitled to rescission and restitution; and

    d.     Such other declarations as the Court deems just and proper;

On All Causes of Action:

28.     For costs of suit incurred herein;

29.     For reasonable attorneys' fees pursuant to the Agreement and any applicable statute;

30.     For such other and further relief as the Court deems just and proper.

- 16 -
COMPLAINT

**PROXY FINANCIAL v. HUDSON VALLEY   EXHIBIT "A"**                    **17**

DATED: February 28, 2026

Respectfully Submitted,

THE LAW OFFICE OF VINCENT VAN HO, P.C.

By: _____

Vincent Van Ho
*Attorney for Plaintiff*

- 17 -
COMPLAINT

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Hudson Valley Wealth Management and Christopher Conover

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Proxy Financial Corp.

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
03/02/2026
T. Mercadel
By: _____ Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Sacramento County Superior Court 720 Ninth Street, Sacramento CA 95814

CASE NUMBER:
*(Número del Caso):*
26CV004825

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vincent Ho, Esq. 901 H Street, Suite 120, Sacramento CA 95814 (916)-504-2672

DATE:
*(Fecha)* 03/02/2026

Clerk, by
*(Secretario)* /s/ T. Mercadel , Deputy
*(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**PROXY FINANCIAL v. HUDSON VALLEY   EXHIBIT "A"**                    **19**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 27763 | FOR COURT USE ONLY |
|---|---|---|

NAME: Vincent Van Ho

FIRM NAME: Law Office of Vincent Van Ho PC

STREET ADDRESS: 901 H Street Suite 120

CITY: Sacramento     STATE: CA     ZIP CODE: 95814

TELEPHONE NO.: 916-504-2672     FAX NO.:

EMAIL ADDRESS: vincent@vholaw.com

ATTORNEY FOR (name): Proxy Financial Corp

**ELECTRONICALLY FILED**
Superior Court of California
County of Sacramento
03/02/2026
By: _____ Deputy
T. Mercadel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

STREET ADDRESS: 720 Ninth Street

MAILING ADDRESS:

CITY AND ZIP CODE: Sacramento 95814

BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Proxy Financial Corp. v. Hudson Valley Wealth Management and Christopher Conover

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) · [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder — Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 26CV004825 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [x] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [x] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

**CM-010**, Page 1 of 3

**PROXY FINANCIAL v. HUDSON VALLEY** EXHIBIT "A"     20

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court?    ☐ Yes    ☒ No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a. ☐ Large number of separately represented parties

   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

   c. ☐ Substantial amount of documentary evidence

   d. ☐ Large number of witnesses

   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

   a. ☒ monetary

   b. ☒ nonmonetary; declaratory or injunctive relief

   c. ☒ punitive

4. Number of causes of action *(specify):* 7

5. Is this case a class action suit?    ☐ Yes    ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/16/2026

Vincent V. Ho
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

---

**Civil Case Cover Sheet**



**CM-010**

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/
Wrongful Death
Uninsured Motorist (46) *(if the case involves
an uninsured motorist claim subject to
arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/
environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians &
Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g.,
assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest)
*(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not
medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not
unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff
*(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book
accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord-tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs,
check this item; otherwise, report as
Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case
Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case
involves an Employment Development
Department decision, check this item
instead of Wrongful Termination or Other
Employment)*

**Provisionally Complex Civil Litigation (Cal.
Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication
(47)
Insurance Coverage Claims *(arising from
provisionally complex case type listed
above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid
taxes)*
Petition/Certification of Entry of Judgment
on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief
Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-
tort/non-complex)*
Other Civil Complaint *(non-tort/non-
complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**Civil Case Cover Sheet**

PROXY FINANCIAL v. HUDSON VALLEY   EXHIBIT "A"                    22

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>PROXY FINANCIAL CORP. | |
| DEFENDANT/RESPONDENT:<br>CHRISTOPHER CONOVER et al | |

| NOTICE OF CIVIL HOME COURT ASSIGNMENT<br>AND CASE MANAGEMENT CONFERENCE<br>(UNLIMITED CIVIL CASE) | CASE NUMBER:<br>26CV004825 |
|---|---|

**THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES SUMMONS IN THIS ACTION UPON A NEW PARTY SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

## NOTICE OF CIVIL HOME COURT ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court and Standing Order SSC-25-7, this action is hereby assigned for limited purposes to the Civil Home Court department indicated below:

| PURPOSE | DEPARTMENT | COURT LOCATION |
|---|---|---|
| **CASE MANAGEMENT PROGRAM<br>and<br>LAW & MOTION** | 54 | Hall of Justice |

**Please refer to the Civil Home Court page at www.saccourt.ca.gov for additional filing instructions and information about hearing reservations, tentative rulings, and requesting oral argument.**

## NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **9:00 AM** on **November 25, 2026** in **Department 54** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Tentative Ruling / Confirming Appearance at the Hearing**
The Court will issue a tentative ruling not later than 2:00 p.m. of the court day before the hearing date which may be viewed by logging into the court's online public portal and accessing your case.

Unless an appearance is ordered in the tentative ruling, parties do not need to appear. A party requesting appearance to contest a tentative ruling must call the oral argument request line and notify the opposing party no later than 4:00 p.m. on the court day before the hearing.

| SHORT TITLE: PROXY FINANCIAL CORP. vs CONOVER, et al. | CASE NUMBER: 26CV004825 |
|---|---|

| Remote Appearances | Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings. |
|---|---|
| **Minimum Requirements** | Prior to the filing of the case management statement, the parties should have done the following:<br><br>• Served all parties named in the complaint within 60 days after the summons has been issued<br>• Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered |
| **Certification Filed in Lieu of Case Management Statement** | If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement. |
| **Case Management Orders** | At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date. |
| **Compliance** | Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money). |
| **Continuances** | Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference. |

Dated: 03/02/2026

By:     /s/ T. Mercadel

T. Mercadel, Deputy Clerk

**NOTICE OF CIVIL HOME COURT ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE**
PROXY FINANCIAL v. HUDSON VALLEY EXHIBIT "A"
(UNLIMITED CIVIL CASE)                                              **24**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Sacramento<br>03/24/2026<br>E. Macdonald, Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br><br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF:<br>PROXY FINANCIAL CORP. | |
| DEFENDANT:<br>CHRISTOPHER CONOVER et al | |
| **NOTICE OF RESCHEDULED HEARING** | CASE NUMBER:<br>26CV004825 |

TO THE PARTIES:

You are hereby notified that the  Initial Case Management Conference       , previously set for hearing in:

 Hall of Justice                                              on  11/25/2026      at  9:00 AM  in  Department 54

has been rescheduled as follows:

 Hall of Justice                                              on  01/27/2027      at  9:00 AM  in Department 54

Dated:  03/24/2026                          By E. Macdonald                                          

                                                                   Deputy Clerk

**NOTICE OF RESCHEDULED HEARING**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF SACRAMENTO** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>PROXY FINANCIAL CORP. | |
| DEFENDANT/RESPONDENT:<br>CHRISTOPHER CONOVER et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26CV004825 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Rescheduled Hearing upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Vincent Ho
Law Office of Vincent Van Ho
331 J Street, Suite 200
Sacramento, CA 95814

Dated: 03/24/2026                    By:        /s/ E. Macdonald

                                                           E. Macdonald, Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: PROXY FINANCIAL CORP. | |
| DEFENDANT/RESPONDENT: CHRISTOPHER CONOVER et al | |

| CERTIFICATE OF MAILING | CASE NUMBER: 26CV004825 |
|---|---|

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Rescheduled Hearing  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Sacramento, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Vincent Ho
Law Office of Vincent Van Ho
901 H Street, Ste 120
Sacramento, CA 95814

Dated: 04/02/2026                    By:        /s/ E. Macdonald

                                                        E. Macdonald, Deputy Clerk